(83 Misc. Rep. 412)

BASS v. GOLDSTEIN et al.

(Supreme Court, Appellate Term, First Department. December 30, 1913.)

TRIAL (§ 59*)—ORDER OF PROOF—EXCLUSION OF EVIDENCE.

Under Negotiable Instruments Law (Consol. Laws 1909, c. 38), § 98, providing that, when it is shown that the title of any person who has negotiated an instrument was defective, the burden is on the holder to prove that he is a holder in due course, where plaintiff, an indorsee in an action on notes, showed merely that he took the instruments regular on their face, and before maturity, and for an adequate consideration, and did not also show as required by section 91, that they were taken in the ordinary course of business and under circumstances not operating as constructive notice of infirmity, it was error to exclude defendant's evidence that the notes were originally delivered as a secret preference, merely because defendant had not introduced evidence to show that plaintiff was not an innocent holder for value.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 138–140, 142, 143, 145; Dec. Dig. § 59.*]

Page, J., dissenting.

Appeal from City Court of New York, Trial Term.

Action by Paul Bass against Barnett Goldstein and another. From a judgment for plaintiff on directed verdict and from denial of new trial, the defendant named appeals. Reversed, and new trial ordered.

Argued November term, 1913, before LEHMAN, PAGE, and WHITAKER, JJ.

Eugene I. Gottlieb, of New York City, for appellant.
Harry A. Gordon, of New York City, for appellant.

LEHMAN, J. The plaintiff herein sues the defendant upon four promissory notes. The defendant sets up in his answer that the plaintiff is not a bona fide holder for value, and that the notes were originally delivered by him to a certain M. H. Mann as a secret preference under a composition agreement which the defendant made with his creditors. At the trial the plaintiff testified that he received the notes from an indorser before maturity, and that he paid the indorser adequate consideration for the notes. He also introduced in evidence the check by which he paid for the notes. Plaintiff was not cross-examined, and rested. The defendant then attempted to introduce evidence to establish his claim that the notes were originally delivered as a secret preference. The trial justice refused to admit this testimony until such time as the defendant had introduced testimony to show that plaintiff was not an innocent holder for value. The defendant claimed that, if he could show Mann's title to the notes was defective, then the burden would be on the plaintiff to show that he was a bona fide holder for value. The trial justice recognized the correctness of this proposition as an abstract proposition of law, but held, under the authority of Eisenberg v. Lefkowitz, 142 App. Div. 569, 127 N. Y. Supp. 595, that where the plaintiff, instead of merely introducing the notes in evidence and resting on the presumption that he is a bona fide holder for value, successfully assumes the burden of proving affirmatively that

he is a bona fide holder for value, then all evidence of affirmative defenses available as between prior parties becomes immaterial, and that it lies in the discretion of the trial judge to require that the order of proof shall be that testimony to meet the plaintiff's proof that he is a holder for value shall be presented before testimony as to the affirmative defense is admitted.

The Negotiable Instruments Law (Consol. Laws 1909, c. 38) § 98, provides that:

"When it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims, acquired the title as a holder in due course."

And under that section the maker of an instrument is entitled to show the defect in the title of a prior holder as against a present holder, unless the present holder has so borne the burden of proof that there can be no question of fact that he is a holder in due course.

The order of proof prescribed by the trial justice might be proper if the testimony of the plaintiff that he was a bona fide holder were so complete and conclusive that, even if the defendant should prove that the title of a prior holder was defective, there could still be no question of fact left for the jury on the issue of whether plaintiff is a bona fide holder; but I find no such proof in this case. Upon that issue the plaintiff must show not only that he has taken the instrument before maturity, and for value, but also that he took it in good faith, and that he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it. Negotiable Instruments Law, § 91. In this case the plaintiff has shown only that he took the instruments regular on their face, and before maturity, and for an adequate consideration; but in my opinion this evidence still leaves open the question whether he took it in good faith and without notice.

There is no doubt in my mind that the adequacy of the consideration is some evidence of the plaintiff's good faith, yet it is undoubtedly true that that evidence is not conclusive on the issue of good faith. If that evidence were supplemented by evidence showing that the notes were taken in the ordinary course of business, and under circumstances that do not operate as constructive notice of the infirmity, then and only then would the plaintiff conclusively establish that he was a holder for value, and the testimony offered as to the infirmity of the instrument become immaterial as to him. See Canajoharie National Bank v. Diefendorf, 123 N. Y. 191, 25 N. E. 402, 10 L. R. A. 676. In the case of Eisenberg v. Lefkowitz, supra, such testimony was presented by the plaintiff, and the decision in that case rests, in my opinion, on that testimony. In this case, however, the plaintiff fails to show such facts.

There is no testimony that the plaintiff took the notes in the ordinary course of business; and no testimony as to his relations with the indorser, nor of the relations of the indorser to the original holder. No testimony even as to the defect was admitted, so that it is impossible to say that the plaintiff may not have taken the notes under circumstances which would at least raise a question of fact as to his bona fides.

Judgment should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event.

WHITAKER, J., concurs.

PAGE, J. (dissenting). I dissent. The plaintiff placed in evidence the notes upon which he is suing. They are regular upon their face. He further proved that he purchased them for an adequate consideration before maturity and placed in evidence the check with which he paid for them. The defendant then attempted to prove fraud between two prior parties to the instruments without offering a scintilla of evidence to connect it with the plaintiff, to charge him with notice of it, or to impeach his position as a holder in due course. The learned trial justice refused to receive the evidence until the defendant should first produce some evidence that the plaintiff had knowledge of the alleged fraud. Though it was within the power of the court to receive such evidence subject to being later connected with the plaintiff and subject to a motion to strike it out in case it was not so connected, I am of the opinion that the trial justice was within his discretion in refusing to receive it until at least a question of fact was raised as to the plaintiff's status as a bona fide holder. The plaintiff, in my opinion, fully sustained the burden placed upon him by section 98 of the Negotiable Instruments Law of proving that he acquired title as a holder in due course. It was not necessary for him to show that he had no knowledge of any specific fraud. While the ultimate burden of proof was upon him to establish his lack of knowledge of any fraud proved, the burden of going forward with the evidence of infirmity in the plaintiff's title was upon the defendant. The defendant refused to produce any evidence to connect his alleged fraud with the plaintiff, and until such connection was established, or at least an issue of fact raised, the evidence was properly excluded. Eisenberg v. Lefkowitz, 142 App. Div. 569, 127 N. Y. Supp. 595. It is also significant that the fraud of which the defendant was attempting to give evidence was his own fraudulent transfer as a preference. Under these circumstances, I think the learned trial justice was justified in holding the defendant to the strict letter of the law and in not allowing him more latitude than he was entitled to.

The judgment appealed from should be affirmed, with costs.